# IN THE UNITED STATES DISTRICT COURT
# FOR THE MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| CREE, INC. and CREE HONG KONG, LIMITED,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>MSI LIGHTING, INC. and MSI, LLC,<br><br>　　　　Defendants. | 1:15CV706 |
| MSI LIGHTING, INC. and MSI, LLC,<br><br>　　　　Plaintiffs,<br>　　v.<br><br>CREE, INC. and CREE HONG KONG LIMITED,<br><br>　　　　Defendants. | 1:15CV1056 |

**MEMORANDUM OPINION AND ORDER**

This matter is before the Court on a Motion for a New Trial [Doc. #195] and a Motion to Alter or Amend the Judgment [Doc. #196] by Plaintiffs MSi Lighting, Inc. and MSi, LLC (collectively referred to as "MSi") and a Motion for Leave to File a Surreply in Opposition to MSi's Motion for New Trial or to Amend Judgment [Doc. #210] by Defendants Cree, Inc. and Cree Hong Kong Limited (collectively referred to as "Cree"). Cree's motion is granted, and, for the reasons explained herein, MSi's motions are denied.

I.

In August 2015, MSi filed an action in the Southern District of California against Cree and, three weeks later, Cree filed an action in this Court against MSi. After the action pending in the Southern District of California was transferred here, the two cases were consolidated and MSi asserted its claims against Cree as counterclaims along with its Answer. (See, e.g., Consent Order Consolidating Cases [Doc. #32].) The Court granted summary judgment in favor of Cree on its claim against MSi for money due and on several of MSi's claims against Cree. (Order [Doc. #124].) That left MSi's claims against Cree for breach of express warranty, fraud, and unfair and deceptive trade practices for trial. (See id.)

After a pre-trial hearing lasting six days, a jury was impaneled on July 18, 2017. On Thursday, August 3, after closing arguments and instructions from the Court, the jury retired to deliberate. The following Monday, August 7, jurors returned a verdict in favor of Cree. (See Jury Verdict [Doc. #193].) Judgment was entered on August 15, 2017. (J. on Jury Verdict [Doc. #194].)

On September 13, 2017, MSi filed a Motion for a New Trial and Motion to Alter or Amend the Judgment pursuant to Rules 59(a)(1)(A) and Rule 59(e) of the Federal Rules of Civil Procedure, respectively. The primary bases for MSi's motions are verdicts alleged to be inconsistent, against the clear weight of the evidence, and in contradiction to the Court's instructions. (See Mots.) In addition, MSi argues that the Court erred when it failed to include a separate instruction for unfair and deceptive trade practices and when it used the word "damages" instead

2

of "damage" or "harm" as part of the proximate cause element of fraud. (Id.) On September 14, 2017, MSi also filed a Notice of Appeal with the Fourth Circuit Court of Appeals. (Notice of Appeal [Doc. #202].)

Cree argues that MSi's motions are untimely, as they were due September 12, 2017, but were filed at 12:00 a.m. and 12:01 a.m. on September 13, 2017. (Resp. in Opp'n to Mot. for New Trial or, in the Alternative, to Amend or Alter J. at 1-2 [Doc. #204]; see Notices of Elec. Filing [Docs. #195, 196, 208-3, 208-4].) MSi replied that the Court has discretion to rule on the motions and, in the alternative, requested the Court consider its motions under Rule 60(b). (MSi's Reply to Mots. Pursuant to Rule 59(a) & (e) at 3-4 [Doc. #208].) In its Surreply, Cree contests the propriety of considering MSi's motions pursuant to Rule 60(b).[1] (Surreply in Opp'n to Mot. for New Trial or, in the Alternative, to Amend or Alter J. ("Surreply in Opp'n") at 1-2 [Doc. #210-1].)

In the meantime, after MSi filed its Notice of Appeal and the Fourth Circuit requested that this Court notify it once an order was entered disposing of MSi's post-trial motions, Cree's counsel corresponded with the Fourth Circuit and argued that MSi's post-trial motions were untimely and, therefore, requested that MSi's appeal be docketed as of the date it filed the Notice of Appeal. (Decl. of Rebecca K. Lindahl, Exs. 1 & 2 [Doc. # 210-2].) The Fourth Circuit then requested MSi's

---

[1] Cree's Motion for Leave to File Surreply is granted because Cree seeks to address the critical argument about the Court's review of MSi's untimely Rule 59 motions as timely Rule 60(b) motions raised by MSi for the first time in its Reply.

3

counsel respond, which she did by stating, among other things, "Cree's representation regarding the untimeliness of MSi's Rule 59 motions are accurate[.]" (Decl. of Lindahl, Exs. 3 & 4.) Nevertheless, MSi argued that this Court had discretion to rule on the motions and requested that its appeal not be docketed until the disposition of those motions. (Decl. of Lindahl, Ex. 4.) Ultimately, the Fourth Circuit responded, "The appeal will be placed on the docket[.]" (Decl. of Lindahl, Ex. 6.)

II.

As a preliminary matter, although MSi's appeal has been docketed, this Court retains jurisdiction to determine MSi's pending post-trial motions. As explained below, MSi's untimely Rule 59 motions are considered as timely Rule 60(b) motions. The Fourth Circuit has instructed that "when a Rule 60(b) motion is filed while a judgment is on appeal, the district court has jurisdiction to entertain the motion, and should do so promptly." Fobian v. Storage Tech. Corp., 164 F.3d 887, 891 (1999). This "sav[es] judicial resources and avoid[s] expense and delay" which "accords with the overarching mandate of the Federal Rules of Civil Procedure that the rules 'shall be construed to secure the just, speedy, and inexpensive determination of every action.'" Id. (quoting Fed. R. Civ. P. 1).

III.

Rule 59(a) of the Federal Rules of Civil Procedure provides, in relevant part, that "[t]he court may, on motion, grant a new trial on all or some of the issues – and to any party – as follows: (A) after a jury trial, for any reason for which a new

4

trial has heretofore been granted in an action at law in federal court . . . ." However, "[a] motion for a new trial must be filed no later than 28 days after the entry of judgment." Fed. R. Civ. P. 59(b) (emphasis added). Likewise, "[a] motion to alter or amend a judgment must be filed no later than 28 days after the entry of the judgment." Fed. R. Civ. P. 59(e) (emphasis added). Although Rule 6(b) of the Federal Rules of Civil Procedure affords the court discretion to extend some deadlines for good cause, the deadlines in Rules 59(b) and 59(e) are explicitly excluded from the exercise of such discretion. "A court must not extend the time to act under Rules . . . 59(b), . . . and (e), . . . ." Fed. R. Civ. P. 6(b)(2). As the Fourth Circuit has said, pursuant to Rule 6(b), "[i]t is clear" that district courts are "without power to enlarge the time period for filing a Rule 59[] motion." Alston v. MCI Commc'ns Corp., 84 F.3d 705, 706 (1996) (finding that the district court's grant of an extension of time to file a Rule 59(e) motion "was not authorized under the Federal Rules of Civil Procedure"); see also, e.g., Blue v. Int'l Bhd. of Elec. Workers Local Union 159, 676 F.3d 579 (7th Cir. 2012) ("The fact that the district court purported to extend the time past that 28-day period is of no moment. Civil Procedure Rule 6(b)(2) prohibits a court from doing exactly this."); Miracle of Life, L.L.C. v. N. Am. Van Lines, Inc., 447 F. Supp. 2d 519, 520 (D.S.C. 2006) (finding that it was "without authority to extend the . . . deadline"); In re Quarles, No. 96-00104-C, 1997 WL 578707, at *3 (W.D. Va. Aug. 25, 1997) ("Rule 59(e)'s clear 'no later than' language allows no exceptions . . . . As well, federal authority instructs that the court is not allowed to extend the time in

5

which to make a Rule 59(e) motion.")

This is true even when a party files a Rule 59 motion almost on time or when technical problems arise when filing electronically. For example, in Miracle of Life, L.L.C., the plaintiffs filed their Rule 59(e) motion at 1:00 a.m. on January 24, 2006 when it was due on January 23, 2006. 447 F. Supp. 2d at 520. The plaintiffs argued that the defendants were "being 'hyper-technical' in urging the court to disregard the filing" and that they did not file their motion until 1:00 a.m. due to technical difficulties converting their WordPerfect document into a PDF. Id. Nevertheless, the court recognized that neither Rule 59(e) nor Rule 6(b) afforded it any authority to extend the filing deadline. Id. In Justice v. Town of Cicero, Illinois, 682 F.3d 662, 663 (2012), the Seventh Circuit artfully described the dangers of electronic filing when the plaintiff tried to have the district court consider his 3:00 a.m. November 23 filing as having been filed on the deadline, November 22.

> [M]idnight marks the end of one day and the start of another. Electronic filing systems do extend the number of hours available for filing. Instead of having until the clerk's office closes, litigants have until 11:59 PM. But e-filing does not increase the number of days available for filing. A document entered into the electronic system at 12:01 AM on a Thursday has been filed on Thursday, not on "virtual Wednesday". Rule 6(a)(4)(A) is explicit on this point. It says that the last day allowed for filing ends "for electronic filing, at midnight in the court's time zone." Just as courts lack the power to grant extensions of time under Rule 6(b)(2), so the judiciary lacks the power to say that one day ends at 4 AM or 9 AM of the next day when an e-filing system is used. . . . Courts used to say that a single day's delay can cost a litigant valuable rights. With e-filing, one hour's or even a minute's delay can cost a litigant valuable rights."

Id. at 664 -65 (internal citation omitted).

The Electronic Case Filing Administrative Policies and Procedures Manual ("E-Filing Policies Manual") for this District gives counsel explicit instruction on the application of deadlines when e-filing. It instructs that "[a] document will be deemed timely filed if filed prior to midnight Eastern Standard Time." (E-Filing Policies Manual § D(3).) Furthermore, counsel are notified that "[f]iling documents electronically does not in any way alter any filing deadlines. All electronic transmissions of documents must be **completed** prior to midnight, Eastern Standard Time, in order to be considered timely filed that day. For example, a filing procedure commenced at 11:58 p.m. on March 1, but completed on March 2 at 12:03 a.m. will be considered filed on March 2. The NEF will note the official date and time of filing." (Id. § F.)

Here, there is no dispute that MSi's motions are untimely. Although counsel for MSi explains in her Declaration that she began filing the motions before midnight and believed they were filed before midnight, she acknowledges that a deputy clerk for this District explained to her that the filing of the Rule 59(a) motion was not completed until midnight. (Decl. of Amy L. Simonson & Ex. 12 [Docs. #208-1, 208-5].) She also conceded to the Fourth Circuit that "Cree's representation regarding the untimeliness of MSi's Rule 59 motions are accurate." (Decl. Lindahl Ex. 4.)

Recognizing that its Rule 59 motions are untimely, MSi argues that the Court nevertheless maintains jurisdiction to consider them or, in the alternative, that the

7

Court should consider them under Rule 60(b). (MSi's Reply at 3-4.)  First, MSi contends that Rule 59 is a claim-processing, not jurisdictional, rule. (Id. at 3.)  In 2004, the Fourth Circuit analyzed whether Rule 11 of the Federal Rules of Civil Procedure was a claim-processing or jurisdictional rule. Brickwood Contractors, Inc. v. Datanet Eng'g, Inc., 369 F.3d 385.  In so doing, it noted that, although rules such as Rule 59 have been described as jurisdictional, the Supreme Court's "admonition" in Kontrick v. Ryan, 540 U.S. 443 (2004), "that court rules of procedure 'do not create or withdraw federal jurisdiction'" suggests that "it is perhaps possible that the Court might begin to describe such rules not as jurisdictional but instead as inflexible claim-processing rules." Brickwood, 369 F.3d at 392-93.

Since then, "[c]onsistent with . . . principles" established by the Supreme Court and the Fourth Circuit itself, the Fourth Circuit found Rule 48 of the Federal Rules of Criminal Procedure to be a claim-processing rule. Rice v. Rivera, 617 F.3d 802, 811 (2010).  The court recognized the Kontrick Court as "tak[ing] the lower courts and litigants to task for loosely using the 'jurisdictional' label, which is properly limited to 'prescriptions delineating the classes of cases (subject-matter jurisdiction) and the persons (personal jurisdiction) falling within a court's adjudicatory authority.'" Id. at 810 (quoting Kontrick, 540 U.S. at 455).  On the other hand, "claim-processing rules – such as court-prescribed rules of practice and procedure – 'merely prescribe the method by which the jurisdiction granted the courts by Congress is to be exercised.'" Id. (quoting United States v. Hartwell, 448

8

F.3d 707, 717 (4th Cir. 2006)).

Although the Fourth Circuit has not explicitly found Rule 59 to be a claim-processing rule, the Courts of Appeals for the District of Columbia, Third, Sixth, Seventh, Ninth, and Eleventh Circuits consider it so. See, e.g., Mobley v. C.I.A., 806 F.3d 568, 579 (D.C. Cir. 2015); Suber v. Lowes Home Ctrs., Inc., 609 F. App'x 615, 616 (11th Cir. 2015) (citing Advanced Bodycare Sols., LLC v. Thione Int'l, Inc., 615 F.3d 1352, 1359 n.15 (11th Cir. 2010)); Blue, 676 F.3d at 584; Lizardo v. United States, 619 F.3d 273, 274 (3d Cir. 2010); Nat'l Ecological Found. v. Alexander, 496 F.3d 466, 475-76 (6th Cir. 2007); In re Onecast Media, Inc., 439 F3d. 558, 562 (9th Cir. 2006). The principles upon which those courts base their conclusions, as well as decisions by the Supreme Court and the Fourth Circuit distinguishing between jurisdictional and claim-processing rules, persuade this Court that Rule 59 is a claim-processing rule.

The effect of such a finding is two-fold. First, "[c]laim-processing rules . . . are to be rigidly applied when invoked by a litigant, but can be forfeited if not raised and pursued in a timely fashion." Rice, 617 F.3d at 810 (citing Kontrick, 540 U.S. at 456). There is no suggestion here that Cree forfeited its untimeliness argument. Second, because the Court is not divested of jurisdiction, it retains discretion to consider the motions. As the Seventh Circuit explained, because Rule 59 is a claim-processing rule, "the district court [is] within its discretion to consider the [untimely Rule 59] motion", but "[t]he only consequence, which as we shall see is an important one, is that the scope of the court's authority became

9

constrained by Rule 60." Blue, 676 F.3d at 585.

Cree disputes the propriety of this Court's reviewing MSi's motions under Rule 60(b) because MSi raised the argument for the first time in its Reply brief and "there is no mechanism . . . that automatically converts an untimely Rule 59 motion into a timely Rule 60 motion." (Surreply in Opp'n at 1-2.) However, Cree has been afforded an opportunity in its Surreply to respond to the argument that was raised in response to its timeliness challenge. Furthermore, at least one court within the Fourth Circuit has recently interpreted an untimely Rule 59(e) motion as a timely Rule 60(b) motion, even though the moving party only did so pursuant to Rule 59(e). See Rozzelle v. Univ. of N.C. at Charlotte, No. 3:15-cv-50-MOC-DSC, 2015 WL 12911716, at *1 (W.D.N.C. Dec. 7, 2015). Facing a similar issue, the Fourth Circuit has explained that "[i]n cases where a party submits a motion . . . which is unnamed and does not refer to a specific Federal Rule of Civil Procedure, the courts have considered that motion either a Rule 59(e) motion to alter or amend a judgment, or a Rule 60(b) motion for relief from a judgment or order." In re Burnley, 988 F.2d 1, 2 (1992). In that case, "the question of which rule applie[d] [was] quickly resolved – Burnley failed to file the motion within [the time prescribed], therefore Rule 59(e) [was] inapplicable." Id. The Seventh Circuit has explicitly stated that "an untimely Rule 59 motion is treated as a motion under Rule 60(b)." Justice, 682 F.3d at 665. This Court is persuaded that it has discretion to consider MSi's untimely Rule 59 motions as timely Rule 60(b) motions. Specifically, MSi has requested the Court consider the motions pursuant to Rule

60(b)(1) and Rule 60(b)(6).

IV.

Rule 60(b) provides, in relevant part, that "the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons: (1) mistake, inadvertence, surprise, or excusable neglect; . . . or (6) any other reason that justifies relief." A Rule 60(b) motion "must be made within a reasonable time – and for reason[] 1 . . . no more than a year after the entry of the judgment or order or the date of the proceeding." Fed. R. Civ. P. 60(c)(1).

However, "before a party may seek relief under Rule 60(b), a party first must show 'timeliness, a meritorious defense, a lack of unfair prejudice to the opposing party, and exceptional circumstances." Dowell v. State Farm Fire & Cas. Auto. Ins. Co., 993 F.2d 46, 48 (4th Cir. 1993); see also Park Corp. v. Lexington Ins. Co., 812 F.2d 894, 896 (4th Cir. 1987) (requiring a party moving under Rule 60(b) to show "that his motion is timely, that he has a meritorious defense to the action, and that the opposing party would not be unfairly prejudiced by having the judgment set aside"). Once a party crosses this initial threshold, it "then must satisfy one of the six specific sections of Rule 60(b)." Id.

Here, MSi has not crossed the initial threshold. Under the circumstances of this case, were the judgment set aside, Cree would undoubtedly be unfairly prejudiced. MSi was afforded multiple opportunities to comment or object to the instructions and the verdict form before the case was with the jury. (See, e.g., Trial Tr. 3:9-23 (providing counsel time to review the verdict form amended with

11

the addition of two interrogatories MSi requested), 5:3-6:6 (asking counsel if they would like to make any comments about the verdict form), 9:16-10:4 (correcting <u>sua sponte</u> a typographical error about proximate cause in the parties' verdict form), 10:5-8 (asking counsel if there was anything further to discuss before the jurors were brought into the courtroom), 33:5-14 (asking counsel if there were any objections to the instructions or verdict form other than those previously stated), 34:4-12 (breaking for approximately fifteen minutes for recess before closing arguments), 67:8-15 (breaking for approximately one hour for lunch before the beginning of Cree's closing arguments), 109:4-23 (breaking for approximately ten minutes for recess before the conclusion of MSi's closing arguments) (Aug. 3, 2017). The only challenge presently before the Court pursuant to MSi's Rule 60(b) motions that it also made during any of the aforementioned opportunities during trial is its objection concerning the lack of separate instruction on its Unfair and Deceptive Trade Practices claim. Not only was this the only objection MSi made, but its counsel used the verdict form to frame a portion of her closing arguments. (<u>See</u> <u>id.</u> 57:8-66:6.)

Perhaps more important, though, is MSi's failure to object to or comment on the jury's verdict before the jury was released. After the jury's verdict was read, (Trial Tr. 14:7-15:14 (Aug. 7, 2017[2]), the jury retired and the Court asked if

---

[2] Citations to the Trial Transcript for August 7, 2017, are to the unofficial transcript. This Memorandum Opinion and Order will be amended with the correct page and line numbers once the official transcript is available.

12

counsel would like to see the verdict form, (id. 15:15-23). After initially hesitating, MSi's counsel did ask to see the verdict form, reviewed it, and made no further comments on the verdict. (Id. 15:24-16:7.) Nevertheless, the Court once again asked if there were anything else for which the jury was needed, to which MSi's counsel responded, "At this time, Your Honor, I don't believe so. We'll take a review of it, but I don't foresee that there is at this time." (Id. 16:8-13.) The jury was then excused. (16:20-17:24.) Despite having been afforded opportunities before the jury was released to have any questions about its verdict resolved – whether questions of inconsistency or the weight of the evidence or understanding of instructions, MSi remained quiet. After MSi's counsel represented that he saw no further need for the jury, the jury was released and any opportunity to address or correct any alleged error was gone. Approximately one week later, judgment was entered in favor of Cree.

Were the judgment to be overturned after wasted opportunities to correct the purported problems with the very verdict that MSi now challenges, Cree would be faced with the decision to re-litigate the matter – likely spending hundreds of thousands of dollars to do so again (see Decl. of Rebecca Lindahl in Supp. of Mot. for Attorney Fees [Doc. #206]) while MSi could address some of the challenges it faced during this initial trial such as the exclusion of its only damages expert – or to settle the case it previously won. Because under these circumstances Cree would be unfairly prejudiced, MSi cannot overcome the initial threshold for this Court's review of its Rule 60(b) motions. As a result, MSi's motions are denied.

V.

For the reasons stated herein, IT IS HEREBY ORDERED that MSi Lighting, Inc.'s and MSi, LLC's Motion for a New Trial [Doc. #195] is DENIED. IT IS FURTHER ORDERED that MSi Lighting, Inc.'s and MSi, LLC's Motion to Alter or Amend the Judgment [Doc. #196] is DENIED. IT IS FURTHER ORDERED that Cree, Inc.'s and Cree Hong Kong Limited's Motion for Leave to File a Surreply in Opposition to MSi's Motion for New Trial or to Amend Judgment [Doc. #210] is GRANTED.

This the 7th day of November, 2017.

/s/ N. Carlton Tilley, Jr.
Senior United States District Judge